UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00167-FDW

| WALI FARAD MUHAMMAD BILAL, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court upon Wali Farad Muhammad Bilal's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on October 13, 2001, was convicted by a Rutherford County Superior Court jury of 2 counts of robbery with a dangerous weapon, assault inflicting serious bodily injury, simple assault, and two counts of second-degree kidnapping. He was sentenced to 32 years and 10 months in prison. (§ 2254 Pet. 1, Doc. No. 1.)

After pursuing appellate and post-conviction relief in the state courts, Petitioner filed a § 2254 Petition in this Court on February 23, 2006, attacking his October 2001 judgment. See § 2254 Pet., Bilal v. Harkleroad, No. 1:06-cv-00082-MU (N.C.W.D.), Doc. No. 1. The Court dismissed the Petition as untimely on September 8, 2008. Order Dismiss. § 2254 Pet., id. at Doc. No. 18.

Petitioner filed the instant § 2254 Petition on May 15, 2019. See Houston v. Lack, 487 U.S. 266, 267 (1988). He again challenges his October 2001state judgment.

### II. STANDARD OF REVIEW

1

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court shall dismiss the instant Petition because it is Petitioner's second challenging his 2001 state judgment, and he has not demonstrated that the Fourth Circuit Court of Appeals has authorized him to file a successive habeas petition challenging that judgment. See 28 U.S.C. § 2244(b)(3)(A).

### III. DISCUSSION

Section 2244(b)(3) of Title 28 of the United States Code expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). The district court does not have jurisdiction to consider the merits of a successive habeas application in the absence of authorization from the appropriate federal court of appeals. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner previously challenged his 2001 criminal judgment by way of a § 2254 petition, which this Court dismissed as untimely. Bilal, No. 1:06-cv-00082-MU, Doc. No. 18. A

dismissal of a habeas petition as time-barred is a decision on the merits, and any subsequent habeas petition challenging the same conviction or sentence is second or successive for purposes of § 2244(b). See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). Consequently, the instant habeas Petition is successive under § 2244(b).

Petitioner has not demonstrated that he received authorization from the Fourth Circuit Court of Appeals to file this successive habeas Petition. See § 2244(b)(3)(A). Accordingly, the Court does not have jurisdiction to consider the Petition, and it must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive habeas petition, see 28 U.S.C. § 2244(b)(3); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: June 10, 2019

_____
Frank D. Whitney
Chief United States District Judge